UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
OZAN WILLIAMS,

            Plaintiff,

- against -

OBRIEN from District 9 with JOHN DOE #one
and these two other JOHN DOE where the first
people on the scene and with others I have a claim
number 08-38777 they have all the names,

            Defendants.
-----------------------------------------------------------X

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ NOV 14 2011

BROOKLYN OFFICE

**ORDER**
11-CV-4690 (WFK) (CLP)

**POLLAK, United States Magistrate Judge:**

    Plaintiff Ozan Williams, currently incarcerated on Rikers Island, filed this *pro se* action pursuant to 42 U.S.C. § 1983 alleging police officers from the 120th Police Precinct used excessive force against him and caused plaintiff to sustain injuries on August 26, 2008. Plaintiff did not identify the police officers or name them as defendants. By order dated October 17, 2011, the Court granted plaintiff's application to proceed *in forma pauperis* under 28 U.S.C. § 1915 and directed plaintiff to file an amended complaint to name the police officers who were involved in the incident on August 26, 2008. On November 4, 2011, plaintiff filed an amended complaint.

Service of Process on Defendant OBrien of the 120th Police Precinct

    The United States Marshals Service is directed to serve the summons and amended complaint upon defendant OBrien of the 120th Police Precinct on Staten Island without prepayment of fees.

Service of Process on John Doe Defendants of the 120th Police Precinct

    Plaintiff has identified only one of the defendants, but he names four additional John Doe defendants as police officers employed by the 120th Police Precinct who were involved in the



alleged incident that occurred on August 26, 2008 outside 91 Board (or Baord) Street, Staten Island, New York 10304. The United States Marshals Service will not be able to serve the John Doe defendants without further identifying information. The problem encountered by plaintiff is a common one as it is frequently difficult for a *pro se* litigant to identify individual law enforcement officers. In Valentin v. Dinkins, 121 F.3d 72 (2d Cir. 1997) (per curiam), the Second Circuit made clear that a *pro se* litigant is entitled to assistance from the district court in identifying a defendant.

Accordingly, the Court hereby requests the Corporation Counsel for the City of New York to ascertain the full names of the individuals whom plaintiff has identified as John Doe and to provide the addresses where these defendants can currently be served within 45 days from the date of this Order. Corporation Counsel need not undertake to defend or indemnify these individuals at this juncture. This Order merely provides a means by which plaintiff may name and properly serve the defendants as instructed by the Second Circuit in Valentin. Once this information is provided, plaintiff's complaint shall be deemed amended to reflect the full names and badge numbers of these officers, an amended summons shall be issued and the Court shall direct service on these defendants.

The Clerk of Court shall serve a copy of this Order and a copy of the amended complaint and *in forma pauperis* application on the Corporation Counsel for the City of New York, Special Federal Litigation Division.

SO ORDERED.

Dated: November 10, 2011
Brooklyn, New York

CHERYL L. POLLAK
United States Magistrate Judge

2